Peggy A. Tomsic (3879)
  tomsic@mcg.law
Geoffrey K. Biehn (13445)
  biehn@mcg.law
Yevgen Kovalov (16297)
  kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **VIVINT, INC.**, a Utah corporation; **VIVINT SMARTHOME, INC.** a Delaware corporation; and **SMART HOME PROS, INC.**, a Utah corporation,<br><br>    **Plaintiffs,**<br><br>v.<br><br>**SUNRUN, INC.** a Delaware corporation; **BRADLEY ROSSITER**, an individual; **ZACKARY ANDERSEN**, an individual; **NATHAN LORDS**, an individual; **JAYCEN SHAW**, an individual.<br><br>    **Defendants.** | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br><br><br><br><br><br>Case No.: 2:24-CV-0034-JNP-DBP<br><br>**Honorable Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

Pursuant to DUCivR 7-1(c), Sunrun, Inc., Bradley Rossiter, Zackary Andersen, Nathan Lords, and Jaycen Shaw (collectively "Defendants"), through counsel of record, submit this Notice of Supplemental Authority.

Plaintiffs Vivint, Inc., Vivint SmartHome, Inc., and Smart Home Pros, Inc. (collectively, "Plaintiffs") filed their Motion for (1) Preliminary Injunction, and (2) In the Alternative, Expedited Discovery ("Motion") on February 6, 2024.  Motion, Dkt. 26.  On February 26, 2024, Defendants filed their Opposition to the Motion ("Opposition").  Opposition, Dkt. 59.  On March 18, 2024, Plaintiffs filed their Reply in Support of the Motion ("Reply").  Reply, Dkt. 82.

In their Opposition, Defendants argued that non-compete and non-solicitation provisions are unenforceable under federal law.  Opposition at 14 & n. 11, 17-19, Dkt. 59.  Defendants also argued that the same standard applies to the enforceability of non-compete and non-solicitation provisions.  *Id*. at 19, Dkt. 59.

After the briefing on the Motion was completed, on May 7, 2024, the Federal Trade Commission has published a rule prohibiting restrictive covenants in employment agreements ("FTC Rule") that included the following provision:

> With respect to a worker other than a senior executive, it is an unfair method of competition for a person:
> (i) To enter into or attempt to enter into a non-compete clause;[1]
> (ii) To enforce or attempt to enforce a non-compete clause; or
> (iii) To represent that the worker is subject to a non-compete clause.

16 C.F.R. § 910.2(a)(1); Rules and Regulations at 38502-03, Fed. Reg. , Vol. 89, No. 89 (May 7, 2024), attached as Exhibit "A".

---

[1] The FTC Rule defines the "non-compete clause" as: "(1) A term or condition of employment that prohibits a worker from, penalizes a worker for, or functions to prevent a worker from: (i) Seeking or accepting work in the United States with a different person where such work would begin after the conclusion of the employment that includes the term or condition; or (ii) Operating a business in the United States after the conclusion of the employment that includes the term or condition."  16 C.F.R. § 910.1.

1

The FTC Rule becomes effective on September 4, 2024 and, although it applies retroactively, it does not intend to directly affect existing causes of action. However, the research and analysis underlying the rule, including harms and the misuse of restrictive covenants, is relevant to arguments in the Opposition. Specifically, the FTC Rule exposes the employers' misuse of the restrictive covenants as improperly restricting competition without protecting any legitimate interest of employer. *See* Rules and Regulations at 38425, Fed. Reg. , Vol. 89, No. 89 ("[N]on-competes are not necessary to protect employers' legitimate interests in trained workers or securing their intellectual property and confidential information. These alternatives are available to employers and viable both with respect to senior executives and to workers other than senior executives."). These FTC's findings are relevant to Defendants' arguments regarding unenforceability of the non-competes under the federal law and impermissible breadth of Plaintiffs' restrictive covenants. Opposition at 14-17, Dkt. 59.

Additionally, the FTC Rules explains that non-solicitation provisions are subject to the same analysis as non-competes:

> [T]he term "functions to prevent" clarifies that, <u>if an employer adopts a term or condition that is so broad or onerous that it has the same functional effect as a term or condition prohibiting or penalizing a worker from seeking or accepting other work or starting a business after their employment ends, such a term is a noncompete clause under the final rule</u>. . . . [T]he "functions to prevent" prong of the definition is likewise consistent with legal decisions holding that restrictive employment agreements other than noncompetes may be analyzed under the State law test applicable to noncompetes where they function similarly to non-competes.

Rules and Regulations at 38364, Fed. Reg. , Vol. 89, No. 89, Ex. "A" (emphasis added); Opposition at 19.

2

DATED this 10th day of June 2024.

                                         **MAGLEBY CATAXINOS & GREENWOOD, PC**

                                         /s/ Yevgen Kovalov

                                         Peggy A. Tomsic
                                         Geoffrey K. Biehn
                                         Yevgen Kovalov
                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** was delivered to the following this 10th day of June 2024, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail

Michael B. Carlinsky
  michaelcarlinsky@quinnemanuel.com
Rachel E. Epstein
  rachelepstein@quinnemanuel.com
Stephen Q. Wood
  stephenwood@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121

*Attorneys for Plaintiffs Vivint, Inc. Vivint Smart Home, Inc., and Smart Home Pros, Inc.*

Hannah E. Dawson (*pro hac vice*)
  hannahdawson@quinnemanuel.com
Stacylyn M. Doore (*pro hac vice*)
  stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199

Mario di Oliveira Gazzola (*pro hac vice*)
  mariogazzola@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010


Kate E. Cassidy (*pro hac vice*)
  kcassidy@wiggin.com
Wiggin & Dana LLP
437 Madison Ave, 35th Floor
New York, NY 10022

