THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation; VIVINT SMARTHOME, INC. a Delaware corporation; and SMART HOME PROS, INC., a Utah corporation,<br><br>       Plaintiffs,<br>v.<br><br>SUNRUN, INC. a Delaware corporation; BRADLEY ROSSITER, an individual; ZACKARY ANDERSEN, an individual; NATHAN LORDS, an individual; JAYCEN SHAW, an individual,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-CV-0034-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs move the court for expedited discovery.[1] As set forth herein, the court denies the motion.

### BACKGROUND

According to Plaintiffs, this matter concerns an "action to stop an immediate and ongoing raid by a competitor company to steal employees, customers, and confidential trade secret information."[2] Plaintiff Vivint, Inc. and Defendant Sunrun, Inc. compete throughout the country in the market for direct-to-home sales of solar panel systems for residential customers. During the first part of 2024 the alleged raids began with certain employees leaving Plaintiff to work for Defendant. Certain Defendants are former regional managers or managers for Plaintiff that allegedly took trade secrets and confidential information with them. Plaintiffs bring causes of

---

[1] ECF No. 88.

[2] Compl. ¶ 1.

action for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, breach of fiduciary duty, misappropriation of trade secrets, civil conspiracy, and aiding and abetting the breach of fiduciary duty.

## DISCUSSION

Ordinarily "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[3] Yet a court may exercise its broad discretion to "alter the timing, sequence, and volume of discovery[,]" including granting expedited discovery.[4] The party seeking expedited discovery has the burden to show "good cause for the requested departure from usual discovery procedures."[5] Good cause may exist "where a party seeks a preliminary injunction" or "where physical evidence may be consumed or destroyed with the passage of time."[6] But, a pending injunction motion without more may not be enough to merit expedited discovery.[7]

Courts often apply several factors in determining whether to grant a request for expedited discovery: "(1) whether a preliminary injunction is pending; (2) how far in advance of the typical discovery process the request was made; (3) the purpose for requesting the expedited discovery; (4) the breadth of the discovery requests; (5) the burden on the defendants to comply with the requests."[8]

---

[3] Fed. R. Civ. P. 26.

[4] *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

[5] *Sunstate Equip. Co., LLC. v. Equip. Share*, No. 2:19-cv-00784, 2020 WL 429479, at *2 (D. Utah Jan. 28, 2020) (citation omitted).

[6] *Doe 1 v. Miles*, No. 1:18-cv-00121, 2019 WL 201567, at *1 (D. Utah Jan. 15, 2019) (citations omitted).

[7] See *Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013) (unpublished) (finding that "[i]t was well within the court's discretion to decline to authorize expedited discovery"); *Colo. Mont. Wyo. State Area Conf. of the NAACP v. U.S. Election Integrity Plan*, No. 22-cv-00581, 2022 WL 1443057, at *1 (D. Colo. May 6, 2022).

[8] *Colorado Montana Wyoming State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-CV-00581-PAB, 2022 WL 1443057, at *2 (D. Colo. May 6, 2022) (citing *Sunflower Elec. Power Corp. v. Sebelius*, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009)).; *see Am. Equip. Sys., LLC v. Chester*, No. 223-CV-680-DBB-

First, the court notes that there is a preliminary injunction pending and scheduled for hearing. As part of that motion, Plaintiffs also make an alternative request for expedited discovery.[9] This fact weighs in favor of expedited discovery.

Next, the court notes that the parties held their Rule 26 scheduling conference on March 18, 2024. This was prior to Plaintiff filing the instant Motion to Expedite Discovery. Although the parties did not reach agreement on all scheduling matters, the fact that the parties began the typical discovery planning process in the spirit of cooperation, which is required under the Federal and Local Rules, weighs heavily against granting expedited discovery. The discovery sought by Plaintiffs will come out in the normal progression of this case.

Plaintiffs argue the purpose of the requested discovery is for the preliminary injunction hearing. The court is not persuaded that the requested discovery is specifically for the preliminary injunction hearing. In arguing that the requested discovery is not burdensome, Plaintiff claims the "limited discovery … is directly relevant to the Complaint and would be subject to production throughout the litigation and, therefore, is not unduly burdensome."[10] This argument undermines the alleged expedited need for the discovery before the hearing. Moreover, if the hearing becomes a contest between dueling declarations, the court is capable to weigh their veracity. Thus, the purpose for the requested discovery is applicable to the general nature of the litigation and weighs against expedited discovery.

The remaining factors also weigh in favor of not allowing expedited discovery. While the court does not specifically decide whether individual discovery requests are overly broad, the

---

DBP, 2023 WL 8261427, at *2 (D. Utah Nov. 29, 2023) (applying the factors when considering a request for expedited discovery).

[9] ECF No. 23.

[10] Mtn. p. 11.

court does find that deposing certain employees before producing documents, is highly likely to waste the parties' resources and time because the employees will need a second deposition once discovery is produced. The discovery requests appear more proper for a longer discovery time frame, rather than on an expedited basis that creates an undue burden on Defendants. The court agrees with Plaintiffs that there is no "sales season" exception to litigation or discovery, but conserving the parties' resources by limiting duplicative discovery is an important basis behind the Federal Rules.[11]

Finally, the undersigned notes this decision does not impact the alternative relief for expedited discovery requested by Plaintiffs in their Motion for Preliminary Injunction. To obtain a preliminary injunction, the "moving party must come forward with evidence showing irreparable injury may occur ... if the [motion] is not granted."[12] To determine if conduct will cause irreparable harm, courts consider an "'inability to calculate damages, harm to goodwill, diminishment of competitive positions in marketplace, loss of employees' unique services, the impact of state law, and lost opportunities to distribute unique products.'"[13] The decision of whether to grant a preliminary injunction, and whether certain discovery is warranted as an alternative form of relief, is before Judge Parrish.

Accordingly, the court finds Plaintiffs have failed to meet their burden on the motion before the undersigned, and the Motion to Expedite Discovery is DENIED.[14]

---

[11] *See* Fed. R. Civ. P. 26 1983 amendment (noting certain changes in the Rule as "an attempt to address the problem of duplicative, redundant, and excessive discovery and to reduce it"); *Id.* 26(b) (providing the court "must limit the frequency or extent of discovery" if the discovery is "duplicative)..

[12] *Qwest Commc'ns Int'l,* 213 F.R.D. at 421.

[13] *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1235 (10th Cir. 2019) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004)).

[14] ECF No. 88.

DATED this 20 June 2024.

_____
Dustin B. Pead
United States Magistrate Judge