THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation; VIVINT SMARTHOME, INC. a Delaware corporation; and SMART HOME PROS, INC., a Utah corporation,<br><br>Plaintiffs,<br>v.<br><br>SUNRUN, INC. a Delaware corporation; BRADLEY ROSSITER, an individual; ZACKARY ANDERSEN, an individual; NATHAN LORDS, an individual; JAYCEN SHAW, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-CV-0034-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs move the court for additional deposition time of 175 hours to presumably be used for fifty 3.5-hour depositions.[1] This case involves allegations of a "corporate raid by Defendants Sunrun Inc., Bradley Rossiter, Zackary Anderson, Nathan Lords, and Jaycen Shaw."[2] Defendants (collectively Sunrun) allegedly continue to recruit former employees of Plaintiffs (collectively Vivint). Vivint seeks to test Defendants' defense that those leaving were not recruited, rather, it was a coincidence that so many Vivint employees left in a short time. Plaintiffs request more than the standard 10 depositions under the Federal Rules to test Sunrun's defense. As set forth herein, the court will grant in part the motion.

---

[1] ECF No. 93.

[2] Mtn. p. 5.

## BACKGROUND

According to Plaintiffs, this matter concerns an "action to stop an immediate and ongoing raid by a competitor company to steal employees, customers, and confidential trade secret information."[3] Plaintiff Vivint, Inc. and Defendant Sunrun, Inc. compete throughout the country in the market for direct-to-home sales of solar panel systems for residential customers. During the first part of 2024, the alleged raids began, with employees leaving Plaintiff to work for Defendant. Certain Defendants are former regional managers or managers for Vivint that allegedly took trade secrets and confidential information with them. Plaintiffs bring claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, breach of fiduciary duty, misappropriation of trade secrets, civil conspiracy, and aiding and abetting the breach of fiduciary duty.

Plaintiffs allege that at one point, over "40 Vivint sales representatives left for Sunrun within four days of the Individual Defendants' having done so."[4] Plaintiffs aver they need added depositions and deposition time to question many of those who left to ascertain their reasons for leaving Vivint, and to determine whether they were recruited in some way. Plaintiffs request an additional 175 hours of deposition time to be allocated across witnesses outside of the standard 10 witnesses under the Federal Rules. Vivint "expects it would take shorter depositions" of the witnesses, resulting in "approximately fifty 3.5-hour depositions."[5]

## LEGAL STANDARD

Fed.R.Civ.P. 30(a)(2)(A)

> provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this [Rule] is to assure

---

[3] Compl. ¶ 1.

[4] Reply p. 1.

[5] Mtn. p. 6.

judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case.[6]

Thus, in accordance with the Rule:

A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;[7]

Federal Rule 26(b)(1) and (2) provide limits on discovery. Parties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[8]

## DISCUSSION

To begin, Sunrun argues Vivint's Motion is procedurally improper because Plaintiffs already filed a motion for scheduling conference and this motion concerns discovery, so Vivint failed to comply with the Local Rules for discovery disputes. Sunrun also argues Vivint fails to meet the good cause standard under Rule 16(b)(4), thus additional depositions are not warranted. These arguments are unpersuasive given the current procedural posture of the case. A scheduling order has not been entered by the court. Thus, there is no schedule to be modified for good

---

[6] *Id*. advisory committee notes (1993 Amend.).

[7] Fed. R. Civ. P. 30(a)(2).

[8] Fed. R. Civ. P. 26(b)(1).

cause.[9] This same reasoning also undermines Defendants' citied authority, *Bannick v. Kennecott Utah Copper Mine, LLC*,[10] because the plaintiff in that case sought additional depositions when a scheduling order had already been entered with the standard 10 depositions. Here, Vivint moves for additional depositions prior to any scheduling order being entered. While there is also a motion for scheduling conference,[11] the instant motion helps uncover the parties' respective differences in scheduling, so the court does not find it improper.

    Having set these arguments aside, the court turns to consider Vivint's request under Federal Rules 30 and 26. Under these Rules, discovery must be relevant and proportional considering the needs of the case, the "importance of the issues at stake in the action", the amount in controversy, the respective resources of the parties, the "importance of the discovery in resolving the issues", and "whether the burden or expense of the proposed discovery outweighs its likely benefit."[12] In addition, the requested discovery should not be "unreasonably cumulative or duplicative", or more easily obtained from another convenient source.[13]

    Vivint claims it is entitled to test Sunrun's theory of employees coincidentally leaving in mass to join Sunrun. Vivint asserts it seeks relevant, nonprivileged information, and it is Sunrun that has placed its employee's motives for leaving Vivint and joining Sunrun at issue. Further the discovery is proportional because it 1) implicates important issues in this case; 2) helps resolve material issues regarding whether recruiting occurred; 3) is warranted given the amount in controversy; 4) is necessary due to "information asymmetry" as Defendants have access to their

---

[9] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[10] No. 2:13-CV-370-TC-PMW, 2014 WL 1795200 (D. Utah May 6, 2014).

[11] ECF No. 96.

[12] Fed. R. Civ. P. 26(b).

[13] *See id.*

own employees who recently left Vivint; and 5) the burden of the discovery does not outweigh its benefit. In support Vivint cites to a number of cases including some where additional depositions have been granted. For example, in *Bistline v. Snow Christensen & Martineau, P.C.*, this court increased depositions to 100 for the defendants and 80 for the plaintiffs.[14] Other districts have also increased the deposition limit when warranted.[15]

Given the circumstances in this case, including Sunrun's defense that many individuals coincidentally left Vivint to join Sunrun, the court concludes additional depositions are warranted here. The reason employees left is a central issue and relevant in this case. Ascertaining a person's subjective knowledge and intent for leaving Vivint requires questioning that individual directly, and the fact that Vivint has not exactly identified who will be deposed does not prevent the granting of their request for additional depositions. There is some "information asymmetry" here. While Vivint may know an employee has left, it is Sunrun that knows whether a certain individual who formerly worked at Vivint joined its company. Thus, the parties are ordered to work together to identify who should be deposed. A similar approach was taken by this court in *Bistline v. Snow Christensen & Martineau* requiring the parties to work together in the discovery process.[16] Sunrun's reliance on *Merrill Lynch, Pierce, Fenner & Smith,*

---

[14] 2020 U.S. Dist. LEXIS 12575, at *5-6 (D. Utah Jan 24, 2020) (unpub).

[15] *See Hamm v. Acadia Healthcare Co.*, No. CV 20-1515, 2023 WL 8281974, at *8 (E.D. La. Nov. 30, 2023), aff'd, No. CV 20-1515, 2023 WL 8433950 (E.D. La. Dec. 5, 2023) (unpub) (granting additional depositions for both the plaintiffs and defendants utilizing virtual shortened depositions to minimize the burden); *Heilman v. Burke,* No. 18-CV-3260, 2020 WL 4816387, at *2 (C.D. Ill. Aug. 19, 2020) (allowing "some additional depositions" due to the issues in the case and the "knowledge and intent of each Defendant"); *Corey Airport Servs., Inc. v. City of Atlanta*, No. 1:04-CV-3243-CAP, 2007 WL 9717220, at *2 (N.D. Ga. Feb. 20, 2007) (allowing more than 15 depositions because of "highly complex" underlying facts and numerous defendants); *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006) (allowing five additional depositions as part of discovery on willfulness, as "[p]laintiffs had no control over how many firms provided opinions to Defendants and how many of Defendants' employees were privy to the opinions").

[16] *See Bistline v. Snow Christensen & Martineau, P.C.*, No. 2:16-CV-788 TS, 2020 WL 4430466, at *6 (D. Utah July 31, 2020).

*Inc. v. Baxter*,[17] is misplaced because the current dispute centers on discovery under Rule 26, and not the heightened standard needed for a "likelihood of success on the merits."[18]

Plaintiffs have not alleged specific damages in their Complaint. Instead, they aver damages will be "proven at trial." According to Sunrun, this lack of specificity undermines the discovery request. The court disagrees. The lack of specificity is not made in a vacuum. Vivint alleges that at one point, over "40 Vivint sales representatives left for Sunrun within four days of the Individual Defendants' having done so."[19] Vivint also seeks injunctive relief against Sunrun and its business along with all attorneys' fees and costs. Given the magnitude of the allegations, including the financial implications for Sunrun, the discovery sought here is warranted by the amount in controversy.

Finally, the court is concerned about the burden 175 additional hours of depositions, presumably spread across 50 individuals, will have on the parties. The need for additional depositions is clear based on the nature of this case. But, to help alleviate the burden, the additional depositions will be limited to two hours and must be conducted via video if more convenient for the deponents. This amounts to 100 additional hours of depositions that Vivint may take, which may be spread across the alleged 50 individuals. This reduction helps balance the burden of the discovery in relation to its benefit.

ORDER

Plaintiffs' Motion for Additional Deposition Time is GRANTED in PART. Plaintiffs may depose additional individuals that the parties are to work together to identify. These depositions are limited to two hours and may occur via video, unless the parties agree otherwise.

---

[17] 2009 WL 960773, at *8 (D. Utah Apr. 8, 2009).

[18] *Id.* (considering preliminary injunctive relief).

[19] Reply p. 1.

IT IS SO ORDERED.

DATED this 26 June 2024.

_____
Dustin B. Pead
United States Magistrate Judge