THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation; VIVINT SMARTHOME, INC. a Delaware corporation; and SMART HOME PROS, INC., a Utah corporation,<br><br>      Plaintiffs,<br>v.<br><br>SUNRUN, INC. a Delaware corporation; BRADLEY ROSSITER, an individual; ZACKARY ANDERSEN, an individual; NATHAN LORDS, an individual; JAYCEN SHAW, an individual,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-0034-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

  Counsel for Defendants move the court to withdraw from representing Defendant Jaycen Shaw.[1] In reply to their motion, Defendants' counsel asserts there is a concurrent conflict of interest between representing the other Defendants and Mr. Shaw, who is no longer employed by Sunrun, Inc. due to recent events. The court will grant the motion to withdraw.

  Utah Rule of Professional Conduct 1.7(a) provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."[2] A concurrent conflict of interest exists where the "representation of one client will be directly adverse to another client."[3] Defendants' counsel claim this conflict is not waivable and Mr. Shaw's actions potentially violate his Indemnity Agreement with Sunrun. Plaintiffs opposed the motion to withdraw. This

---

[1] ECF No. 115.

[2] UT R RPC Rule 1.7(a).

[3] *Id.*

opposition, however, was primarily based on the need to move forward with the preliminary injunction hearing and the evidence necessary for the hearing. Plaintiffs argued the current motion should be deferred until after the June 21, 2024, hearing. The hearing has now been held.

Accordingly, based on the Utah Rules of Professional Conduct and the adverse interests between Mr. Shaw and the other Defendants, the Motion to Withdraw is GRANTED. In accordance with the Local Rules, Mr. Shaw is ORDERED to have new counsel enter an appearance on the record on his behalf within 21 days. If Mr. Shaw intends to proceed without an attorney, he must file a Notice of Appearance by this same deadline.[4] An "unrepresented party who fails to appear within 21 days" from the entry of this order, may be sanctioned under the Federal Rules.[5]

IT IS SO ORDERED.[6]

DATED this 1 July 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] Under the Local Rules no corporation, association, partnership, or other artificial entity may represent itself. Rather, they must be represented by an attorney.

[5] DUCivR 83-1.4(d) (2023).

[6] In opposition, Plaintiffs also aver Defendants' counsel should remedy Mr. Shaw's apparent perjured testimony. The court does not address this argument finding it unnecessary in deciding the instant motion.