THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation; VIVINT SMARTHOME, INC. a Delaware corporation; and SMART HOME PROS, INC., a Utah corporation,<br><br>Plaintiffs,<br>v.<br><br>SUNRUN, INC. a Delaware corporation; BRADLEY ROSSITER, an individual; ZACKARY ANDERSEN, an individual; NATHAN LORDS, an individual; JAYCEN SHAW, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-CV-0034-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Vivint, Inc., Vivint Smart Home, Inc., and Smart Home Pros, Inc. (Vivint) move the court to quash subpoenas served by Bradley Rossiter, Zackary Anderson, and Nathan Lords (Individual Defendants) and Sunrun, Inc. (collectively Defendants) on Vivint's executives, Messrs. D. Evan Pack, Todd Santiago, Patrick Heriford, and Josh Crittenden.[1] For the reasons set forth herein, the court grants the motion.

Plaintiffs move under Federal Rules 45(d)(3) and 26(c) to quash the subpoenas served on its executives. Plaintiffs argue Defendants seek to circumvent the limit on requests for production via the subpoenas and the subpoenas are issued to harass and intimidate Vivint's executives. The subpoenas were each served on the executives at their home without providing any notice to Vivint or attempting to depose them through Vivint. Moreover, the subpoenas are

---

[1] ECF No. 175.

directed to Vivint's executives, which are parties to this action. Thus, Federal Rule 34 is the proper way to obtain documents, not Rule 45 that is for non-parties. Finally, Vivint argues the subpoenas are overly broad, unduly burdensome, and duplicative.

Before turning to consider Plaintiffs' arguments, the court notes that there has been no opposition to the motion filed by Defendants and the time to do so has passed. As set forth in the Local Rules, a "failure to respond timely to a motion may result in the court granting the motion without further notice."[2] Thus, a failure to respond is a proper basis to grant the motion. Independently, based on the facts before it, many of Plaintiffs' arguments also appear well founded. A Rule 45 subpoena cannot be used to circumvent discovery limitations.[3] Generally such a subpoena "is ordinarily reserved for non-party discovery."[4] And Rule 45 subpoenas that are unduly burdensome may be quashed.[5] In short, the court finds multiple reasons to grant Plaintiffs' motion.

ORDER

Plaintiffs' Motion to Quash Subpoenas is GRANTED.

DATED this 27 September 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] DUCivR 7-1(f) (2023).

[3] *Hanks v. Anderson*, No. 2:19-CV-00999, 2023 WL 4052737, at *3 (D. Utah June 16, 2023) (quashing a subpoena where "the subpoena appears to be an attempt to circumvent [discovery] deadlines and limitations").

[4] *Prisbrey v. State Auto Ins. Companies*, No. 4:21-CV-124, 2023 WL 4745106, at *2 (D. Utah July 25, 2023) (citing *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477-DN, 2015 WL 2093292, at *2 (D. Utah May 5, 2015)).

[5] *See id.* at *2-3 (quashing Rule 45 subpoenas served that were unduly burdensome).